UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JAMES E. JACOBSON, JR., a citizen of the State of Oregon, on behalf of himself and all others similarly situated,

    Plaintiff,

  v.

THE UNITED STATES OF AMERICA; THE NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION; THE WASHINGTON STATE DEPARTMENT OF LICENSING; THE OREGON DEPARTMENT OF MOTOR VEHICLES, jointly and severally,

    Defendants.

Case No. 3:24-cv-01601-YY

FINDINGS AND RECOMMENDATIONS

**FINDINGS**

*Pro se* plaintiff James E. Jacobson, Jr., brings this putative class action on behalf of himself and other similarly situated individuals. Plaintiff claims he is "representative of a class of individuals who are out-of-state drivers who suffered adverse actions in their home state resulting in the loss of driving privileges due to reporting through" the National Driver Register and Driver License Compact. Compl. 2, ECF 1. Plaintiff alleges claims for violations of the Fifth and Fourteenth Amendments, the Americans with Disabilities Act (ADA), the Privacy Act of 1974, 5 U.S.C. 552a, and federal requirements for Real ID. *Id.* at 10.

1 – FINDINGS AND RECOMMENDATIONS

Plaintiff has been granted leave to proceed *in forma pauperis* ("IFP"). *See* Order, ECF 8. The IFP statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). On November 12, 2024, this court identified the defects in plaintiff's complaint and directed him to file an amended complaint by November 26, 2024, or he case would be dismissed. Order, ECF 8. Plaintiff has failed to file an amended complaint.

Plaintiff describes this case as a "companion case and/or derivative action related to" another case that he filed with this court, *James E. Jacobson, Jr. v. Meyers*, 3:24-cv-01590-YY. Plaintiff contends that "[b]oth matters are based on the same set of facts," and "[t]his complaint addresses the means by which Defendants continue to inflict the damages described in Case No. 3:24-cv-1590-YY." Compl. 1, ECF 1. Plaintiff's other case, *James E. Jacobson, Jr. v. Meyers*, 3:24-cv-01590-YY, was dismissed on December 30, 2024.[1]

In both cases, plaintiff alleges that he is being unfairly denied his Oregon driver's license renewal because of false information regarding his DUI convictions that is being sent to the National Driver Register, which plaintiff alleges "is at the center of this dispute." Compl. 2, ECF 1. In his prayer for relief, plaintiff seeks "a preliminary and permanent injunction preventing the NHTSA from disseminating information from the NDR until a system for error correction is implemented." *Id.* at 13. He also seeks an "Order to Oregon DMV to proceed with re-issuing

---

[1] As discussed in the Findings and Recommendations issued in case no. 3:24-cv-1590-YY, the court lacks personal jurisdiction over the defendants in that case. Also, as discussed at length in those Findings and Recommendations, plaintiff's claims suffer from a myriad of deficiencies, including that they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

2 – FINDINGS AND RECOMMENDATIONS

[his] driver's license without further cost and without further delay, and to waive any deadlines associated therewith." *Id.*

For this court to grant such relief would run afoul of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] Under *Heck*, "where success in a . . . § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004). "At its core, the favorable termination rule, as first articulated in *Heck v. Humphr[ey]* and extended by *Edwards v. Balisok*, precludes . . . damages for an alleged constitutional violation which, if established, would necessarily imply the invalidity of his conviction, sentence, or deprivation of good-time credits." *Stevenson v. Holland*, No. 1:16-cv-01831-AWI-SKO, 2018 WL 1109707, at *4 (E.D. Cal. Mar. 1, 2018). Here, the relief that plaintiff seeks—an order directing various agencies to disregard his DUI convictions—would necessarily imply the invalidity of those convictions.

Plaintiff's complaint suffers from other deficiencies. For example, this court lacks personal jurisdiction over the Washington State Department of Licensing for its failure to accept plaintiff's request for a medical exemption from the ignition interlock device. *See* Compl. 10, ECF 1; *id.*, Ex. 1 at 9, ECF 1 at 23. The same jurisdictional problem exists for plaintiff's due process claim in which he contends he was denied an administrative hearing because his request was untimely although he never received notice of an adverse action from the Washington State Department of Licensing. *Id.* at 7.

---

[2] This court may *sua sponte* raise *Heck* where the issue is apparent on the face of the complaint. *Hebrard v. Nofziger*, 90 F.4th 1000, 1007 (9th Cir. 2024).

3 – FINDINGS AND RECOMMENDATIONS

Plaintiff claims that defendants violated the Privacy Act of 1974 in that they have "unlawfully profited from the use and dissemination of Plaintiff's personal information without consent, including its use by third parties like insurance companies." Compl. 10, ECF 1. "The Privacy Act of 1974 governs the record-keeping practices of federal agencies." *Cuttino v. Walmart W. Union*, No. 23-CV-1111-BAS-JLB, 2023 WL 4878786, at *2 (S.D. Cal. July 31, 2023). Plaintiff does not allege how each defendant violated the Privacy Act, how sharing information with insurance companies is a violation of the Privacy Act, and how defendants profited from doing so. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding a complaint must contain sufficient non-conclusory factual allegations to state a claim for relief that is "plausible on its face"); FED. R. CIV. P. 8(a). And to the extent plaintiff again complains about the dissemination of false information regarding his DUI convictions, his claim is barred by *Heck*.

Plaintiff also alleges that defendants have wrongfully deprived him of his obligation to maintain a driver's license and comply with new federal requirements for Real ID. The Real ID Act of 2005 does not require plaintiff to maintain a driver's license. Rather, it requires "verification of lawful status in the United States 'before issuing a driver's license or identification card.'" *M.S. v. Brown*, 222 F. Supp. 3d 908, 909 (D. Or. 2016), *aff'd,* 902 F.3d 1076 (9th Cir. 2018) (citing REAL ID Act of 2005, Pub. L. No. 109–13, § 202(c)(2)(B), 119 Stat. 231 (2005)).

Finally, to the extent plaintiff alleges a class action, his complaint suffers from additional problems. A class action is permitted only if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

4 – FINDINGS AND RECOMMENDATIONS

and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a). "The class cannot be overly broad, amorphous, or vague, but must be susceptible to a precise definition." *Lyell v. Farmers Grp. Inc. Employees' Pension Plan*, No. CV 07-1576-PHX-JAT, 2008 WL 5111113, at *3 (D. Ariz. Dec. 3, 2008).

Plaintiff purports to represent "a class of individuals who are out-of-state drivers who suffered adverse actions in their home state resulting in the loss of driving privileges due to reporting through the NDR the Interstate Compact." Compl. 2, ECF 1. This putative class is overbroad, amorphous, and vague, such that it is impossible to determine whether there are common questions of fact and law and plaintiff's claims are typical of the claims of the class members.

## RECOMMENDATIONS

Plaintiff was given an opportunity to cure the defects in his complaint but has failed to do so. Therefore, this case should be dismissed without prejudice.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Friday, January 24, 2025. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

//

//

//

**NOTICE**

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED January 3, 2025.

                                                /s/ Youlee Yim You
                                                Youlee Yim You
                                                United States Magistrate Judge